# HANG & ASSOCIATES, PLLC
ATTORNEYS AT LAW
136-20 38th Avenue, Suite 10G
Flushing, New York 11354

May 17, 2019

Lorena P. Duarte, Esq.
Tel : (718) 353-8522
Fax: (718) 353-6288
Email: lduarte@hanglaw.com

**VIA E-Mail:**
Hon. Judge Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square
New York, NY 11201

    RE: Case No. 18-cv-09859-LGS
    Zoila M. Guaman Montero and Deisy Sailema v. New 32nd St Inc. d/b/a
    Enails,"Shawn" Doe, and "Nicole" Doe

Dear Judge Schofield:

  Plaintiffs Zoila M. Guaman Montero ("Plaintiff Montero," or "Ms. Montero") and Deisy Sailema ("Plaintiff Sailema" or "Ms. Sailema) (collectively "Plaintiffs") and Defendants, New 32nd St Inc. d/b/a Enail, Xiang Qu (incorrectly named in the complaint as "Shawn" Doe) and "Nicole" Doe (collectively, "Defendants") respectfully request that Your Honor approve the settlement reached in this matter. A copy of the proposed Settlement Agreement is annexed herein as **Exhibit A**.

  **I.** **Plaintiffs' Allegations and Defendants' Responses**

  This action was originally brought by Plaintiffs for alleged failure to pay minimum wages, unpaid overtime wages, failure to give a wage notice at time of hire, and failure to provide paystubs pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201 et seq., and the New York Labor Law ("NYLL").

  *Plaintiff Montero:*

  Plaintiff Montero alleged that she was formerly employed as a nail technician for New 32nd St Inc. d/b/a Enails, a nail salon owned by Defendants and located at 35 East 32nd Street, New York, NY 10016. Defendants hired Plaintiff Montero from on or about September 2016 to October 12, 2018. Plaintiff Montero alleged that from September 2017 to June 2018 she worked fifty-two and one-half (52.5) hours per week, and from July 1, 2018 to October 12, 2018 she worked forty-two (42) hours per week. From September 2017 to April 2018 Defendants paid Ms.

1

Montero $75.00 per day in check and cash. From April 2018 until October 12, 2018 Plaintiff Montero daily base rate was raised to $80.00 per work day regardless of actual hours worked.

*<u>Plaintiff Sailema:</u>*

Plaintiff Sailema alleged that she was formerly employed as a nail technician for New 32nd St Inc. d/b/a Enails, a nail salon owned by Defendants and located at 35 East 32nd Street, New York, NY 10016. Defendants hired Plaintiff Sailema from May 2017 to October 2018. Plaintiff Sailema alleged that from May 2017 to October 2018 she worked forty-two (42) hours per week. From May 2017 to October 2018 Defendants paid Ms. Sailema $9.50 per hour in addition to set a commission schedule.

Defendants have advised that Plaintiffs worked fewer hours than alleged, received all earned tips and were properly paid all earned wages were paid. Defendants produced significant records to show the dates and times Plaintiffs worked and the monies paid.

In sum, there is a bona fide dispute between the Parties regarding the merits of Plaintiff's wage and hour claims. The instant settlement constitutes the Parties' effort to resolve same in an amicable fashion through arm's length bargaining.

## II.    Settlement Negotiations

At the inception of the litigation, Plaintiff submitted a settlement demand in the amount of approximately $87,000 for Plaintiff Montero and $40,000 for Plaintiff Sailema for a total of $127,000, exclusive of attorney's fees. The demand was wholly based on Plaintiffs' maximum possible recovery if they were able to establish each and every claim. Defendants contend that to avoid the expense and aggravation of litigation, they were willing to pay a premium, within reason, to settle this matter before protracted and costly litigation. In view of that, Defendants initial offer of settlement was $10,000. The Parties engaged in good faith settlement discussions and attended a mediation session held on March 4, 2019 and another on April 15, 2019. After production of records and fact findings, the Parties agreed on the settlement amount of $62,500.00 in order to avoid potentially significant and unanticipated burdens and expenses in establishing their respective positions.

The gross settlement amount is $62,500.00, inclusive of Plaintiff's counsel's attorneys' fees and costs of $21,458.00 with settlement payments to Plaintiff Montero of $27,498.00 and to Plaintiff Sailema of $13,544.00. The attorney's fees and costs are allocated as follows: $20,520.00 for fees, and $938.00 for costs. This reflects a reasonable compromise between the parties' dispute over Defendants' alleged failure to pay minimum wages, unpaid overtime wages, failure to give a wage notice at time of hire, and failure to provide paystubs. This amount also considers the costs and the uncertainty of protracted litigation, in particular significant concerns about the collectability of a judgment against Defendants. This settlement was reached after extensive negotiations between the parties and the parties agree that the settlement is fair and reasonable.

## III.    The Settlement is Fair and Reasonable

The Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.*, 2015 WL 4664283 (2d Cir. 2015) provides that stipulated dismissals settling FLSA claims with prejudice

require the approval of the district court or the Department of Labor. An FLSA settlement should receive judicial approval where it is "fair and reasonable." *See Wolinsky v. Scholastic, Inc*. 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Generally, there is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the Parties to determine the reasonableness of an FLSA settlement." *Crabtree v. Volkert, Inc*., No. 11–0529–WS–B, 2013 WL 593500, at *3 (S.D. Ala. Feb. 14, 2013). Moreover, "[c]ourts approve FLSA settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes." *In re Penthouse Executive Club Compensation Litig*., No. 10-cv-1145, 2014 U.S. Dist. LEXIS 5864, at *22 (S.D.N.Y. Jan. 14, 2014) (noting that the inherent adversarial nature of a litigated FLSA case is adequate indicator of fairness of settlement). In considering whether a settlement is fair and reasonable, the principal question is "whether the agreement reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. SITA Info. Networking Computing USA, Inc.*, No. 07-CV-86, 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008) (*quoting Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Employment Standards Admin., Wage & Hour Div.,* 679 F.2d 1350, 1354 (11th Cir. 1982)).

It is apparent that the Agreement in this matter is a fair and reasonable resolution of the bona fide disputes between the Parties. This is because the Agreement: (1) enables the Parties to avoid the possible substantial burdens and expenses of establishing their respective claims and defenses and accounts for the risks in proceeding with the litigation; and (2) is the product of arm's-length bargaining between experienced labor and employment counsel which was completely devoid of any semblance of fraud or collusion. *See gen. Wolinsky*, 900 F. Supp. 2d at 335. Accordingly, it is respectfully requested that the Agreement be approved in its entirety.

## IV. Plaintiff's Application for Attorney's Fees Should Be Approved

The settlement agreement also provides for reasonable attorneys' fees. Pursuant to our firm's agreement with the Plaintiffs the firm will be reimbursed $938.00 in filing fees, costs, and retain 1/3 of the remaining settlement amount of $20,520.00, which comes to $21,458.00 as set forth in Paragraph 2 of the Settlement Agreement. Based on my experience in handling FLSA and NYLL matters, this is a standard and acceptable arrangement for attorneys' fees.

Attorneys' fees of 33% on FLSA and NYLL claims are routinely approved by courts in the Second Circuit. *See, e.g., Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.,* 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013). This case is distinguishable from the case cited in *Cheeks*, wherein that settlement agreement was denied because the attorneys' fees were set at between 40 and 43.6 percent of the total payment, without justification to support the higher fees. *Cheeks v. Freeport Pancake House, Inc.*, 796 F3d 199, 206 (2d Cir 2015) (*citing Lopez v Nights of Cabiria, LLC*, 96 F Supp 3d 170, 181-82 (SDNY 2015). Therefore, as 1/3 is standard practice in FLSA claims, it is a fair number for this matter as well.

Hang & Associates, PLLC ("Hang & Associates") represents both plaintiffs and defendants in litigating claims arising out of the employment relationship, including claims for employment discrimination, wage and hour issues, and contact disputes. Mr. Jian Hang, Esq., principal attorney

3

of Hang & Associates, has over ten years of experience in the field of employment law. His office currently represents plaintiffs with wage & hour claims in more than 100 lawsuits in federal and state courts and is well respected in the Flushing community. Prior to forming Hang & Associates Mr. Hang practiced labor law at Epstein, Becker & Green, P.C. Hang & Associates focuses exclusively on employment law. Given his years of experience, and the practice's specialized focus on employment law, Jian Hang typically charges an hourly rate of $400. I, Lorena P. Duarte, Esq., lead attorney on this case, have experience in employment, family, real estate, and mass tort litigation. Being fluent in Spanish and French, I specialize in representing the Spanish speaking community in these cases both on plaintiff and defendant side. Currently, I independently handle a case load of 45+ cases which includes client intake, discovery, depositions, motion practice, settlement and possible trial and bill an hourly rate of $300. Hang & Associates spent a considerable amount of time on this matter, and had it been billing hourly, it would have incurred fees and costs of $22,465.00.

## V. Conclusion

For the foregoing reasons, Counsel for all parties respectfully submit that the Settlement Agreement is fair and reasonable, and therefore jointly request that the Court approve or so order the Settlement Agreement.

Respectfully submitted,

*/s/ Lorena P. Duarte*
Lorena P. Duarte, Esq.