UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GUAMAN MONTERO, et al.,
                           Plaintiffs,

          -against-

NEW 32ND ST. INC., et al.,
                           Defendants.
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/28/2019

18 Civ. 9859 (LGS)

ORDER

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, the Order dated April 17, 2019, (Dkt. 33) required the parties to file both (*i*) the settlement agreement; and (*ii*) a joint letter with supporting evidence needed to approve the proposed settlement as fair and reasonable. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015); *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012) (outlining factors district courts have used to determine whether a proposed settlement is fair and reasonable);

      WHEREAS, on May 17, 2019, Plaintiffs filed a joint motion and supporting materials requesting approval of the settlement agreement (Dkt. 35). It is hereby

      **ORDERED** that the settlement agreement is not approved in its current form. The parties' supporting materials are deficient because they do not provide sufficient information regarding Plaintiffs' estimate of damages. Although the joint letter states the total possible recovery for each Plaintiff, it does not indicate how Plaintiffs calculated those figures and to what extent they are based on actual, liquidated or statutory damages (Dkt. 35). It is hereby

      **ORDERED** that by June 4, 2019, the parties shall file a joint letter providing the following details:

      (1) the basis for calculating each Plaintiff's total possible recovery, including "how many

hours [Plaintiffs] believed [they] worked without being appropriately compensated. . . and by how much (or with what frequency) [Plaintiffs were] undercompensated or uncompensated." *Amaro v. Barbuto, LLC*, No. 16 Civ. 1581, 2017 WL 476730, at *2 (S.D.N.Y. Feb. 2, 2017); *see, e.g.*, *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 176–77 (S.D.N.Y. 2015) (parties' failure to provide necessary information documenting the calculation of maximum possible recovery prevented the court from finding the settlement fair and reasonable);

(2) how any statutory damages were calculated;

(3) an explanation of any discrepancies between the Complaint's allegations of damages and the Plaintiffs' total possible recovery. *See Amaro*, 2017 WL 476730, at *2.

Dated: May 28, 2019
New York, NY

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**